IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC LAMONT HILSON,

                     Plaintiff,

v.                                                     OPINION and ORDER

SPENCER PRESTEBAK and MELISSA BUESGEN,     25-cv-172-jdp

                     Defendants.

---

Plaintiff Eric Lamont Hilson, proceeding without counsel, was detained at the Chippewa County jail when he filed this complaint. Hilson contends that his probation officer made false accusations against Hilson to get his probation revoked. Hilson has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Hilson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Hilson's allegations are cursory. He states that probation officer Spencer Prestebak "fabricat[ed] the lie of being provided a statement and pictures from a individual that he claimed [Hilson] abused." Dkt. 1, at 2. Prestebak had Hilson arrested and his probation was revoked. Prestebak's supervisor Melissa Buesgen "signed off and okayed everything without any actual investigation." *Id.* Both defendants "fail[ed] to provide open records documents."

Hilson doesn't state any claims that this court can allow to proceed. Hilson's only allegation against Buesgen is that she signed off on Hilson's revocation, but she is immune from suit for that action. *Smith v. Gomez*, 550 F.3d 613 (7th Cir. 2008) (probation and parole officers are entitled to absolute immunity for "quasi-judicial" functions they perform as part of revocation proceedings); *see also Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1996). And this court cannot issue a judgment necessarily implying that Hilson's revocation was unjustified or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Courtney v. Butler*, 66 F.4th 1043, 1050 (7th Cir. 2023). So I cannot consider a claim that Prestebak falsified evidence in the revocation proceeding.

That leaves Hilson's allegation that defendants failed to provide open records documents. Wisconsin's open records law requires state agencies to make public records available to anyone who requests them, subject to statutory or common-law exceptions. Wis. Stat. §§ 19.35–36; *Mastel v. School District of Elmbrook*, 2021 WI App 78, ¶ 12, 399 Wis. 2d 797, 967 N.W.2d 176. When an agency withholds a record or delays access to it, the record requester may "bring an action for mandamus asking a court to order release of the record." Wis. Stat. § 19.37(1). But a federal court may not order a state official to comply with state law. *See Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988). Hilson must bring that type of claim in state court. I will dismiss without prejudice Hilson's claim against Prestebak and Buesgen for violating the open records law.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Hilson's claims is appropriate because

I see no allegations suggesting that he could amend his complaint to state a claim for relief in federal court.

Hilson fails to state a claim upon which relief might be granted, so I will dismiss this case and direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g). *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) (strike warranted when it is apparent on the face of the complaint that the claims are barred by *Heck*). As Hilson may be aware, a prisoner plaintiff who has accumulated three strikes "while incarcerated or detained in any facility" cannot proceed in forma pauperis, that is, as one not required to prepay the full filing fee, unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered October 22, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge